Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 991 | **DATE** | 2/28/2003 |
| **CASE TITLE** | Fielding, et al. vs. Lavender | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Judgment of the Bankruptcy Court is affirmed. Elizabeth Lavender's motion to proceed in forma pauperis is denied as moot. Elizabeth Lavender's motion for appointment of counsel is denied as moot. Case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | 3 |
| ✓ | Notices mailed by judge's staff. | | number of notices |
| | Notified counsel by telephone. | | MAR 03 2003 |
| | Docketing to mail notices. | | date docketed |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 2/28/2003 |
| | | | date mailed notice |
| MD | courtroom deputy's initials | | MD |
| | | | mailing deputy initials |

U.S. DISTRICT COURT
CLERK
03 FEB 28 PM 5: 28
FILED-ED TO
Date/time received in central Clerk's Office

Document Number

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **DENNIS FIELDING and**<br>**JANE FIELDING,** | ) | |
| | ) | |
| **Appellants,** | ) | |
| | ) | |
| vs. | ) | **Case No. 02 C 0991** |
| | ) | **Judge Joan H. Lefkow** |
| **ELIZABETH L. LAVENDER**<br>**a/k/a Elizabeth L. Fielding,** | ) | |
| | ) | |
| **Appellee.** | ) | |

DOCKETED
MAR 0 3 2003

## MEMORANDUM OPINION AND ORDER

This is an appeal from a final decision of the bankruptcy court (Bankr. Case No. 01 A

665) discharging the debt of *pro se* debtor-appellee, Elizabeth Lavender ("Lavender"), to

creditors-appellants, Dennis and Jane Fielding (the "Fieldings"). The bankruptcy court's

jurisdiction was founded in 28 U.S.C. §§ 1334 and 157(b)(2)(B), and this court's jurisdiction

over the appeal is invoked under 28 U.S.C. § 158(a)(1). The matter was tried to the court before

the Honorable Ronald Barliant, Bankruptcy Judge, who made findings of fact and conclusions of

law on the record in open court. As an appeal of a core proceeding under 28 U.S.C.

§ 157(b)(2)(B), this court is to review the bankruptcy court's findings of fact under a clearly

erroneous standard and conclusions of law under a *de novo* standard. *In re Smith*, 286 F.3d 461,

464-65 (7th Cir. 2002). For the reasons set forth herein, this court affirms the bankruptcy court's

judgment.



# FACTS AND PROCEDURAL HISTORY

Lavender and Dennis Fielding ("Dennis") were married in 1987 and had a child, Whitney, who was born in 1988. The couple later divorced and Dennis has since married Jane Fielding ("Jane"). On or about August 20, 1998 the Fieldings filed a verified complaint ("the complaint") in the Circuit Court of Illinois, Nineteenth Judicial Circuit (Lake County), against Lavender claiming intentional infliction of emotional distress on behalf of Dennis and loss of consortium on behalf of Jane. The complaint in Count I alleged that beginning in 1991 and continuing through the present, Lavender had "deliberately, wrongfully, recklessly and maliciously" accused Dennis of sexually abusing Whitney (Compl. ¶ 2); that Dennis had never sexually assaulted or sexually abused Whitney (*Id.* ¶ 3); that Lavender's conduct was "extreme and outrageous" (*Id.* ¶ 4), and "made with the intention of causing, or with reckless disregard for the probability of causing," emotional distress to Dennis (*Id.* ¶ 5); and that Dennis suffered severe and extreme emotional distress, and as a result was damaged. In Count II, Jane alleged loss of consortium based on the events alleged by her husband in Count I.

Lavender answered the complaint, denying the material allegations. The Fieldings filed a motion to compel discovery, noticed for July 11, 2000, stating that Lavender had not responded to discovery requests and seeking an order of default against her. Lavender did not appear at the hearing on the motion and the court directed entry of "default judgment" and set the case for prove-up on August 10, 2000 (a date that was apparently continued until October). On October 12, 2000, Lavender moved to vacate the default judgment, stating that she had mistakenly believed the court date for the motion to compel was July 12, 2000. On October 26, 2000, the court denied Lavender's motion. On October 31, 2000, the Fieldings filed a joint affidavit in support of their claim and their damages, and on November 16, 2000, a hearing on

2

damages was held with all parties present.[1] The state court judge awarded $70,187.50 in damages to the Fieldings. Thereafter, the Fieldings began proceedings to collect the judgment.

On May 24, 2001, Lavender petitioned in bankruptcy under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* (Bankr. Case No. 01 B 18846), through which she sought to discharge her debt to the Fieldings. On or about June 25, 2001, the Fieldings filed the adversary complaint now on appeal asserting that the debt was not dischargeable because it arose from a "willful and malicious injury to another" within 11 U.S.C. § 523(a)(6). On January 8, 2002, after a bench trial, the bankruptcy court determined that Lavender's debt to the Fieldings was dischargeable and dismissed the Fieldings' complaint.

The Fieldings rested on the default judgment which had been entered against Lavender for an intentional tort as a basis for application of the doctrine of collateral estoppel[2] to the case. *Grogan* v. *Garner,* 498 U.S. 279, 284-85 n.11 (1991); *Meyer* v. *Rigdon*, 36 F.3d 1375, 1378-79 (7th Cir. 1994) ("[T]he doctrine of collateral estoppel applies in bankruptcy discharge exception proceedings."). To determine whether the elements of proof for collateral estoppel had been met, the bankruptcy court relied on the state court record offered by the Fieldings, specifically, the complaint and joint affidavit which had apparently been accepted at the prove-up hearing as proof of the Fieldings' claims and their damages.

---

[1]From this record evidence, the court infers that the order of July 11, 2000 was, in federal parlance, an entry of default, *see* Fed. R. Civ. P. 55(b)(2), and that the Fieldings were expected to prove up both their claims and their damages at the prove-up hearing.

Although Lavender represents that she appealed the judgment (but that it was untimely), the record before this court does not show that there was an appeal.

[2]Collateral estoppel refers to "the effect of a judgment in foreclosing litigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in the initial action." *Meyer* v. *Rigdon, 36 F.3d 1375, 1378 n.1 (7th Cir. 1994).

The bankruptcy court ruled as follows:

> On a very narrow ground, I am going to find for the defendant. The debt is dischargeable. In [*Kawaauhau* v. *Geiger*, 523 U.S. 57, 64 (1998),[3]] . . . the Supreme Court dealt definitively with Section 523(a)(6) and said that section requires a "deliberate and intentional injury." It goes on to say that Congress might have selected an additional word or words, such as reckless, and then it goes on to say, . . . that reckless acts . . . do not suffice to establish that a resulting injury is willful and malicious.
>
> I think it's pretty clear that the Supreme Court limited nondischargeability to cases in which the debtor had a specific intent to cause the injury, not merely where the debtor was reckless and that recklessness caused an injury. Another [*sic*] in *Geiger* also refers to, for example, drunk drivers who are obviously quite reckless when they cause injuries but would not fall within that provision.
>
> In this case the plaintiff is relying on the [doctrine] of collateral estoppel which does, in fact, apply here. But the complaint in the case applies in paragraph five that the false accusations were made with the intention of causing or with reckless disregard for the probability of causing emotional distress. In the affidavit filed by Mr. Fielding in paragraph two he says that the defendant has deliberately, wrongfully, recklessly and maliciously accused plaintiff. And in paragraph five that the aforesaid false accusations were made with the intention of causing or with reckless disregard for the probability of causing emotional distress.
>
> In this case it's apparent that it's possible to construe the defendant's conduct as not intending to cause injury, although it's also possible to construe it as intending to cause injury. But the point here is what you [(Lavender)] did and what was established in the state court that you did, which was to make false

---

[3] In *Geiger*, the Court affirmed an Eighth Circuit opinion holding that a malpractice judgment against a physician could be discharged because "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." 523 U.S. at 64. In so holding, the Court plainly rejected the argument that an intentional act causing injury is a willful injury when it stated:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, *i.e.*, "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the *consequences of an act*," not simply "*the act itself.*" *Restatement (Second) of Torts §§ 8A*, Comment a, p. 15 (1964) (emphasis added).

*Id.* at 61-62 (emphases in original).

accusations, is also consistent with a reckless disregard for the consequences of that act as alleged in the complaint.

> She [(Lavender)] was either reckless or she was intentional, but the problem is I can't tell which. And the state court entered a simple default judgment and made no finding as to which and, frankly, under those circumstances there would have been no reason for the state court to have made a finding as to whether the defendant was either reckless or acted intentionally because either way the result would have been the same. So collateral estoppel simply isn't adequate in this case. And because I can't determine that the injury was caused intentionally, I have to find in favor of the defendant. So there will be a judgment dismissing the complaint.

(Bankr. Case No. 01 A 665, Tr. of Proceedings before the Honorable Ronald Barliant, U.S. Bankruptcy Judge, at 19-21 (Jan. 8, 2002).) On or about February 1, 2002, the Fieldings filed a timely notice of appeal under Fed. R. Bankr. P. 8001-02. This appeal is now fully briefed.

## DISCUSSION

At the bankruptcy trial, the Fieldings, as creditors, had the burden to prove by a preponderance of the evidence that Lavender's debt was nondischargeable. *Grogan* v. *Garner,* 498 U.S. 279, 291 (1991); *Matter of Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). For collateral estoppel to apply, the Fieldings were obligated to demonstrate that "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." *Adair* v. *Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Whether this proof was met was a question of law for the bankruptcy court and of *de novo* review on appeal.

The Fieldings contend that the bankruptcy court erred when it determined that the state court default judgment for intentional infliction of emotional distress was not excepted from discharge under 11 U.S.C. § 523(a)(6). The primary thrust of the Fieldings' argument is that a

5

judgment for *intentional* infliction of emotional distress is, perforce, a judgment for an *intentional* tort and, thus, is excepted from discharge under § 523(a)(6), which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." Lavender, who is before this court *pro se*, argues that the bankruptcy court was correct.

Under § 523(a)(6), "willful means deliberate or intentional . . . and malicious means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Matter of Thirtyacre*, 36 F.3d at 700, quoting *Wheeler* v. *Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). "'[W]illful and malicious injury' means a deliberate or intentional act in which the debtor knows his act would harm the creditor's interest and proceeds in the [face] of the knowledge." *In re Cunningham*, 59 B.R. 743, 746 (Bankr. N.D. Ill. 1986), citing *United Bank of Southgate* v. *Nelson*, 35 B.R. 766, 776 (Bankr. N.D. Ill. 1983). "Debts which are based on the traditional intentional torts such as assault and battery, as well as . . . intentional infliction of emotional distress are nondischargeable under Section 523(a)(6), *provided that the debtor's actions in committing the tort were both 'willful' and 'malicious.'*" *In re Cunningham*, 59 B.R. at 746 (emphasis added), citing *In re Berberian*, 34 B.R. 580 (Bankr. D.R.I. 1983) and R. Ginsberg, BANKRUPTCY § 11,309 at 11,049 (1985). Injuries either negligently or recklessly inflicted, however, are not within the scope of § 523(a)(6). *Geiger*, 523 U.S. at 64; *In re Cox*, 243 B.R. 713, 718 (Bankr. N.D. Ill. 2000). Thus, if intentional infliction of emotional distress can be proved without proof of deliberate and intentional conduct, then the judgment *vel non* does not meet the challenge of § 523(a)(6). Rather, the Fieldings would also have the burden to prove that Lavender's conduct was deliberate and intentional.

> Under Illinois law, the elements of a claim for intentional infliction of emotional distress are (1) the defendant's conduct was extreme and outrageous, (2) the defendant intended to inflict severe emotional distress *or* knew that there was at least a high probability that his conduct would inflict severe emotional distress, and (3) the defendant's conduct did in fact cause severe emotional distress. *Harriston* v. *Chicago Tribune Co.*, 992 F.2d 697, 702 (7th Cir. 1993), quoting *McGrath* v. *Fahey*, 126 Ill. 2d 78, 86 (1998).

*U.S. ex rel. Cericola* v. *Ben Franklin Bank*, 99 C 6311, 2003 WL 174202, at *4 (N.D. Ill. Jan. 27, 2003) (emphasis added). Element (2) can be established with proof of either intentional or reckless conduct. *Vance* v. *Chandler*, 231 Ill. App. 3d 747, 752, 597 N.E. 2d 233, 237 (3d Dist. 1992). Thus, the judgment *vel non* did not satisfy the Fieldings' burden of proof under § 523(a)(6).

The Fieldings further argue that by virtue of the default, Lavender admitted in paragraph 2 of the complaint that she "falsely, deliberately, wrongfully, recklessly *and* maliciously accused" Dennis of sexually assaulting and abusing Whitney. (Appellants' Br. on Appeal at 4.) (Emphasis added).[4] Because a default admits every material allegation of the complaint save damages, *e.g., Straus* v. *Biesen*, 242 Ill. App. 370 (1st Dist. 1926), they argue that deliberateness is established.

This argument, however, misapprehends the scope of collateral estoppel. Lavender's admission in the state court is binding on her here only if, *inter alia*, the issue sought to be precluded (*i.e.*, that Lavender's conduct was deliberate and intentional) was necessary to that judgment. The bankruptcy court determined that it was not because, as explained above, the state court could have rested on recklessness alone to support the judgment. Thus, the third

---

[4]Although the Fieldings incorrectly assert that the bankruptcy court found that Lavender's acts were reckless, not willful and malicious (Appellants' Br. on Appeal at 5), they are correct in pointing out that the bankruptcy judge did not acknowledge this admission in paragraph two of the complaint. The bankruptcy court did rely on the same language in the joint affidavit, however, so the record is clear that the bankruptcy court knew of it, and it was at least an uncontroverted fact.

element of collateral estoppel was not met. The bankruptcy court's determination was correct as a matter of law.

Because the Fieldings make no argument here, nor does the record on appeal suggest that they argued in the bankruptcy court, that if collateral estoppel did not preclude Lavender from relitigating the issue of whether her conduct was willful and malicious within § 523(a)(6), they were entitled to make their proof in the bankruptcy court. Accordingly, the district court finds any such argument waived and affirms the judgment of the bankruptcy court.

## ORDER

Wherefore, for the reasons set forth above, the judgment of the bankruptcy court is affirmed.

ENTER:

_____
JOAN HUMPHREY LEFKOW
Dated: February 28, 2003           United States District Judge